**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2764-24

ALLEN J. SATZ,

     Plaintiff-Appellant,

v.

AVA SATZ,

     Defendant-Respondent.

_____

Submitted December 16, 2025 – Decided March 25, 2026

Before Judges Susswein and Augostini.

On appeal from the Superior Court of New Jersey, Bergen County, Law Division, Docket No. L-0979-25.

Allen J. Satz, self-represented appellant.

Respondent has not filed a brief.

PER CURIAM

In this post-matrimonial litigation, plaintiff Allen J. Satz appeals the April 25, 2025 Law Division order dismissing his amended complaint. After reviewing the record in light of the governing legal principles, we affirm.

The long history of litigation between the parties is recounted in our prior published opinion, Satz v. Satz, 476 N.J. Super. 536, 543-48 (App. Div. 2023). Accordingly, we presume the parties are familiar with the pertinent facts and procedural history leading to this latest appeal, which need only be briefly summarized. Plaintiff and defendant were married in 2006 and separated in 2018. In 2020, the parties executed a Marital Settlement Agreement that provided that the issue of the parties' get (a Jewish divorce) would be submitted to a beis din[1] for arbitration and that the parties would abide by the arbitration decision. In 2022, a beis din directed plaintiff to give defendant a get.

Plaintiff persisted in refusing to abide by the beis din ruling, whereupon the beis din encouraged the Jewish community to demonstrate against plaintiff and publicize his behavior so as to induce him to give defendant a get. Plaintiff alleges that as part of this campaign, defendant made false statements about him and took a picture of plaintiff during a Zoom meeting and published it online.

In 2023, plaintiff filed an action against defendant (the 2023 action) seeking an order to show cause and requesting, among other relief, that the court order (1) the beis din to halt all protests and the alleged defamation of plaintiff

---

[1] A beis din is a rabbinical court that resolves marital issues according to Jewish law.

and (2) defendant to remove the Zoom photo of plaintiff from social media or any other public places. Plaintiff alleged that the publication of the Zoom picture constituted invasion of privacy, false light, and defamation. Defendant moved to dismiss the 2023 action. On January 17, 2024, the trial court denied plaintiff's order to show cause and granted defendant's motion.

On February 3, 2025, plaintiff filed the present complaint (the 2025 action), again seeking an order to show cause and requesting that the court order defendant to remove the Zoom picture from all public places. On February 10, the trial court denied that request. On March 13, plaintiff filed an amended complaint that included various allegations related to the beis din's decision, statements made about plaintiff's refusal to give defendant a get, and the publication of the Zoom picture. On March 20, defendant moved to dismiss plaintiff's amended complaint, and on March 24, plaintiff filed opposition to the motion to dismiss.

On April 25, the trial court held oral argument and subsequently dismissed plaintiff's amended complaint, rendering an oral decision. Specifically, the court found that plaintiff's amended complaint failed to state defined causes of action and was barred by the Entire Controversy Doctrine (ECD).

A-2764-24

This appeal follows. Plaintiff contends that the trial judge erred in the application of the law and showed bias toward the defendant.

Applying de novo review, see Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021), we agree that plaintiff's amended complaint in the 2025 action was barred by the ECD because it was based on the same transactional facts as his complaint in the 2023 action.

The ECD is codified in Rule 4:30A, which reads: "Non-joinder of claims required to be joined by the [ECD] shall result in the preclusion of the omitted claims to the extent required by the [ECD] . . . ." In determining whether claims are required to be joined in the same action, our initial inquiry is whether they "arise from related facts or the same transaction or series of transactions." Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman and Stahl, P.C., 237 N.J. 91, 109 (2019) (citing DiTrolio v. Antiles, 142 N.J. 253, 267 (1995)). The claims need not have common legal issues for the ECD to bar the subsequent claim. Ibid. "[T]he determinative consideration is whether distinct claims are aspects of a single larger controversy because they arise from interrelated facts." DiTrolio, 142 N.J. at 271.

Plaintiff argues that the ECD does not apply because his 2025 complaint states new causes of action—invasion of privacy and false light—whereas the

2023 action was for defamation. That contention is belied by the record, which shows that the 2023 action raised issues of invasion of privacy, false light, and defamation. We reiterate, moreover, that for ECD purposes, "the determinative consideration is whether distinct claims are aspects of a single larger controversy because they arise from <u>interrelated facts</u>." <u>DiTrolio</u>, 142 N.J. at 271 (emphasis added).

Here, plaintiff's claims in the 2025 action arise from the same facts—the <u>beis din</u>'s decision and defendant's alleged publication of a Zoom picture of him—as the claims in the 2023 action. We thus conclude that the ECD applies.

We need only briefly address plaintiff's contention that the trial judge was biased in favor of defendant. Plaintiff's argument is largely a recapitulation of his challenge to the merits of the trial court's decision. <u>Cf.</u> <u>State v. Marshall</u>, 148 N.J. 89, 186 (1997) ("[B]ias is not established by the fact that a litigant is disappointed in a court's ruling on an issue."). Nothing in the record before us remotely suggests judicial bias.

To the extent we have not specifically addressed them, any remaining arguments raised by plaintiff lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division

A-2764-24